IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES TOLBERT, #R-23091, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00429-MJR ) |
| CRAIG FOSTER and C/O SLAGLE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Plaintiff James Tolbert, who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 against two Vandalia officials, Warden Foster and C/O Slagle. (Doc. 1). Plaintiff claims that these officials have subjected him to unconstitutional conditions of confinement at Vandalia since August 27, 2015, in violation of his rights under the Eighth Amendment. (*Id*. at 5). He now sues both defendants for monetary damages. (*Id*. at 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

Plaintiff claims that he has endured unconstitutional conditions of confinement in Vandalia's H-Dorm since August 27, 2015. (Doc. 1, pp. 5, 11-12). These conditions include a lack of hot water, holes in the ceiling, leaks, and mold. Plaintiff describes the conditions as "slippery, dangerous, and hazardous." (*Id*. at 5).

**1.    Lack of Hot Water**

According to the complaint, no hot water is available in H-dorm. (Doc. 1, pp. 5, 11-12). The dorm has two community sinks. Only one works, and it provides cold water. Plaintiff notified prison officials about the problem during the winter. His complaints fell on deaf ears.

**2.    Holes in Ceiling**

The ceiling in H-Dorm is in a constant state of disrepair. (*Id*.). The ceiling has three large holes in it. Unidentified debris falls through the holes or from other areas of the ceiling regularly. Plaintiff has been hit in the head by this debris, and it has also fallen into his food.

**3.    Leaks and Mold**

Water leaks through the holes in the ceiling onto the floor. (*Id*.). Leaky plumbing causes additional water to accumulate on the floors near the sinks and toilets. Plaintiff complains that puddles on the floors create slippery and hazardous conditions. Plaintiff and other inmates regularly slip on the floors. Moreover, the excess moisture has caused mold to grow near the showers and the television. (*Id*. at 5).

Plaintiff has notified several prison officials about the above-described conditions, but they have taken no action to address them. These officials include Warden Foster, C/O Slagle, Lieutenant Gephart, and an unknown sergeant. Plaintiff now sues two of these officials,

*i.e.*, Warden Foster and C/O Slagle, for subjecting him to constitutionally objectionable conditions. He seeks monetary damages.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into a single count.

> **Count 1:** **Warden Foster and C/O Slagle subjected Plaintiff to unconstitutional conditions of confinement in H-Dorm, in violation of the Eighth Amendment, when they ignored his requests for hot water, repair of three larges holes in the ceiling, repair of leaky plumbing, and mold remediation.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count should not be construed as an opinion regarding its merit.

Plaintiff may proceed with his conditions of confinement claim (**Count 1**) against both defendants. The Eighth Amendment proscribes cruel and unusual punishment against convicted inmates. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012)). "Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'" *Rice ex rel. Rice,* 675 F.3d at 664 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Prison officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd*, 711 F.3d at 842 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (citation omitted)). Life's necessities include adequate shelter and heat. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez*, 114 F.3d 640 (7th Cir. 1997).

Standing alone, each of the conditions described in the complaint do not necessarily violate the Eighth Amendment. Even so, the Seventh Circuit has observed that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). For example, the absence of hot water may not support an Eighth Amendment claim, unless it is in combination with another deprivation such as the presence of cold cells. *See, e.g., Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014) (district court properly dismissed claim that absence of hot water in cell violated Eighth Amendment); *Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison."). *But see Dixon*, 114 F.3d at 643 ("[M]ost successful Eighth Amendment claims often involve allegations of cold in conjunction with other serious problems.") (citing *Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980) (cold, defective plumbing, excessive mold and fungus, and pest infestation). *See also Gillis v. Litscher*, 468 F.3d at 493 (citing *Ramos*, 639 F.2d at 568 ("[A] state must provide . . . reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (*i.e.*, hot and cold water, light, heat, plumbing).")). The conditions described in the complaint at least suggest that the conditions, when considered in combination or alone, may have violated the Eighth Amendment. But this is not the end of the analysis.

The allegations must also suggest that a particular prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the

inference. *Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

The complaint supports a deliberate indifference claim against Warden Foster and C/O Slagle at this stage. Plaintiff alleges that he notified each of these defendants, and others,[1] about the conditions in H-Dorm. He asked them to address the problems. However, his requests were ignored. Given these allegations, the Court cannot dismiss **Count 1** against Warden Foster and C/O Slagle at this time.

## Pending Motion

Plaintiff's Motion to Appoint Counsel (Doc. 3) is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **WARDEN FOSTER** and **C/O SLAGLE**.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **WARDEN FOSTER** and **C/O SLAGLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant,

---

[1] Plaintiff mentioned other prison officials in his statement of claim, including Lieutenant Gephart and an unknown sergeant. However, he listed neither individual as a defendant in the case caption or in his list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**
