# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES TOLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0429-MJR-SCW |
| | ) |
| CRAIG FOSTER, | ) |
| and NICHOLAS SLAGLE,[1] | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

**REAGAN, Chief Judge:**

In this pro se suit filed under 42 U.S.C. 1983, James Tolbert (now released from custody) alleged violation of his federally-secured civil rights by the warden and one correctional official at Vandalia Correctional Center. More specifically, Tolbert presented claims of unconstitutional conditions of confinement at Vandalia.

When Plaintiff failed to appear for his deposition herein, Defendants moved for sanctions against him, including dismissal of this action and a $150.00 award to cover deposition expenses. On January 25, 2018, Magistrate Judge Stephen C. Williams submitted a Report and Recommendation (R&R, Doc. 30) recommending that the undersigned District Judge partially grant and partially deny the motion.

Judge Williams' R&R delineates the chronology of several failures to prosecute this action, including the fact that Plaintiff (having been warned by Judge Williams in a

---

[1] Plaintiff's complaint named this Defendant as "C/O Slagle." Later pleadings clarified that his full name is **Nicholas Slagle** (*see, e.g.,* Doc. 14). The Clerk's Office shall correct the name on the docket sheet.

Scheduling Order about the consequences of not participating in depositions) failed to show up for his deposition on November 29, 2017, and that Plaintiff (having been notified by phone and letter and court notice) failed to appear at a January 11, 2018 hearing before Judge Williams on the sanctions motion. The Court's notice of that hearing stated in bold letters: "**Failure to appear by Plaintiff may result in dismissal of his case for lack of prosecution**" (Doc. 26). Plaintiff was given the option to appear in person or to call in via teleconference. He did neither.

In the R&R, Judge Williams discusses various sanctions and analyzes dismissal under Federal Rule of Civil Procedure 37(d) and Federal Rule of Civil Procedure 41(b), as well as a court's inherent power to dismiss suits based on a plaintiff's failure to prosecute. Judge Williams concluded that the record reveals that "Plaintiff has little interest in litigating this matter," he failed to appear for his deposition, failed to respond to the sanctions motion, and "having been provided more than sufficient notice," failed to appear for the January 11, 2018 (either by phone or in person) (Doc. 30, p. 4). Judge Williams recommends dismissal of this case with prejudice for failure to prosecute but imposition of no monetary sanction.

The R&R plainly stated that any objection must be filed by February 12, 2018 (Doc. 30, p. 5). That date passed four days ago, and no objection was filed. The undersigned need not conduct de novo review of the R&R. **28 U.S.C. 636(b)(1)(C) (A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.);** *Thomas v. Arn,*

**474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS** Judge Williams' Report and Recommendation (Doc. 30) in its entirety and **GRANTS IN PART and DENIES IN PART** Defendant's motion for sanctions (Doc. 25). The motion is <u>denied</u> as to the requested $150 award and <u>granted</u> as to the requested dismissal of this lawsuit. This case is dismissed with prejudice based on Plaintiff's want of prosecution. Judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED: February 16, 2018

<u>*s/ Michael J. Reagan*</u>
Michael J. Reagan
United States District Judge