# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES TOLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0429-MJR-SCW |
| | ) |
| CRAIG FOSTER, | ) |
| and NICHOLAS SLAGLE, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO RECONSIDER DISMISSAL, VACATE JUDGMENT AND REOPEN CASE

**REAGAN, Chief Judge:**

While incarcerated at Vandalia Correctional Center, James Tolbert filed this lawsuit under 42 U.S.C. 1983, alleging violation of his federally-secured constitutional rights. Tolbert, who was released from custody during the pendency of the lawsuit, eventually faced a motion for sanctions in which Defendants sought both a monetary award and dismissal of this lawsuit. In January 2018, Magistrate Judge Williams submitted a Report (known as an "R&R") recommending that the undersigned District Judge partially grant and partially deny the motion.

The R&R listed several failures to prosecute this case by Tolbert, including failure to appear for a deposition, failure to respond to Defendants' sanctions motion, and failure to appear at a January 11, 2018 hearing before Judge Williams – despite having been warned of the consequences of not showing up at these settings. For instance, the notice of the January 11th hearing stated: "**Failure to appear by Plaintiff may result in dismissal of his case for lack of prosecution**" (Doc. 26; emph. in orig.).

Tolbert was given the option to appear in person or call in via teleconference for that hearing. He did neither.

The R&R recommending dismissal of this case plainly stated that any objection must be filed by February 12, 2018 (Doc. 30, p. 5). That date passed with no objection filed. On February 16, 2018, the undersigned Judge adopted the R&R, denied Defendants' request for a monetary sanction against Tolbert, and granted Defendants' motion for dismissal of this case based on Tolbert's failure to prosecute the action. Judgment was entered accordingly on February 16, 2018.

By motion filed March 13, 2018 (Doc. 36), Tolbert seeks reconsideration. Specifically, Tolbert asks the Court to un-do the dismissal, vacate the February 16th order and judgment, and reopen the case. He takes issue with the dismissal for lack of prosecution on two grounds – (1) the finding that he failed to appear for his deposition and (2) the finding that he was notified of the January 11, 2018 hearing before Judge Williams in time to appear there. As explained below, the Court finds merit in neither of these arguments and denies Tolbert's motion.

Federal Rule of Civil Procedure 59(e) allows a litigant to move to alter or amend a final order or judgment within 28 days after it was entered. Tolbert's motion to reconsider was filed within 28 days of the dismissal order and judgment entry. Several key principles guide district courts in resolving Rule 59(e) motions. Rule 59(e) motions may not be used to rehash previously rejected arguments. ***Vesely v. Armslist LLC*, 762 F.3d 661, 667 (7th Cir. 2014),** *citing Oto v. Metro. Life Ins. Co.*, **224 F.3d 601, 606 (7th Cir. 2000),** *cert. denied,* **531 U.S. 1152 (2001).** Additionally, it is "well settled that a Rule 59(e)

motion is not an appropriate vehicle for advancing 'arguments or theories that could have … been made before the district court rendered a judgment." *Ben-Yisrayl v. Neal*, **857 F.3d 745, 747 (7th Cir. 2017),** *quoting County of McHenry v. Ins. Co. of the W.,* **438 F.3d 813, 819 (7th Cir. 2006).**

More importantly, Rule 59(e) motions serve a limited function – to correct manifest errors of law or fact or to present newly discovered evidence. *Seng-Tiong Ho v. Taflove,* **648 F.3d 489, 505 (7th Cir. 2011).** *Accord Vesely,* **762 F.3d at 666,** *citing Boyd v. Tornier, Inc.,* **656 F.3d 487, 492 (7th Cir. 2011).** The newly discovered evidence must be evidence that was not available before the court ruled. And a manifest error requires "wholesale disregard, misapplication, or failure to recognize controlling precedent" by the court. *Burritt v. Ditlefsen,* **807 F.3d 239, 243 (7th Cir. 2015),** *quoting Oto,* **224 F.3d at 606.** *See also Lightspeed Media Corp. v. Smith,* **830 F.3d 500, 505-06 (7th Cir. 2016),** *quoting Boyd,* **656 F.3d at 492 (Rule 59(e) "requires the movant to 'demonstrate a manifest error of law or fact or present newly discovered evidence.'").**

Here, Tolbert has neither pointed to newly discovered evidence nor identified any manifest error in the dismissal order. He maintains that he *did* appear for deposition in Chicago, and no one from the Illinois Attorney General's Office was there. The R&R summarized the evidence on this point, which revealed that Tolbert's deposition was noticed twice. The first notice *was* for a deposition in Chicago on October 31, 2017, but that deposition was cancelled due to logistical issues. The second notice (Doc. 25-2) re-set the deposition for November 29, 2017 at the Attorney General's Office in Springfield, Illinois. It is undisputed that Tolbert failed to appear for that

deposition (*see* Depo. Transcript, Doc. 25-3). It is this failure to appear which factored into the dismissal for failure to prosecute.

Similarly unavailing is Tolbert's argument relating to his failure to appear at the sanctions hearing before Judge Williams on January 11, 2018. Tolbert contends that he never received the "letter" setting the January 11th court hearing. Defendants filed the sanctions motion on December 8, 2017. The certificate of service reflects that the motion was mailed to Tolbert at his address of record – 1519 W. Howard, Apt. 21, Evanston, IL – the same address he still lists as current.

On December 13, 2017, Judge Williams set the motion for hearing on January 11, 2018. The cm/ecf receipt dated 4:35 pm on December 13th states that the notice of hearing was being mailed to Tolbert at the same Evanston address. In the normal course of Clerk's Office procedure, a paper copy of the notice would go out in the Court's mail to Tolbert the next day -- December 14, 2017. Defense counsel also mailed Tolbert a *letter* that included a copy of the notice of the hearing. Tolbert insists he did not receive the letter (from defense counsel forwarding a copy of the notice of hearing) until *after* the January 11th hearing. This may be true, but it is irrelevant for purposes of Tolbert's awareness of the setting, because there is no doubt that the Clerk's Office promptly sent Tolbert a copy of the notice.

The notice of hearing was electronically filed at 4:35 pm on December 13th. The next day, the Clerk's Office placed a paper copy of the notice in the mail to Tolbert. A "court only" entry from December 14, 2017 at 3:33 pm bears the initials of the case administrator ("tkm") who confirmed that, in fact, she mailed the notice to Tolbert.

Moreover, the evidence received by Judge Williams (which Judge Williams found credible) established that Tolbert had actual notice via another method as well – defense counsel called and *spoke* to Tolbert in mid-December, personally advising him of the January 11th hearing on the motion for sanctions. This conversation is reflected in an exhibit from the sanctions hearing (Doc. 29-1).

Simply put, the record shows that Tolbert failed to attend his deposition, failed to appear for a court hearing of which he had ample notice, and failed to even respond to the sanctions motion. He also failed to object to the R&R recommending dismissal. Dismissal for want of prosecution was appropriate. Tolbert has identified no manifest error of law or fact (and presented no newly discovered evidence) which would support vacating the Court's dismissal order and judgment. The motion to reconsider/vacate/reopen (Doc. 36) is **DENIED**.

IT IS SO ORDERED.

DATED 15 March 2018.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge